## Capitalization of Merged Corporation

678

MILLER, Deputy Attorney General, March 20, 1945. —You state that a certain domestic corporation, which we shall call "Corporation A", originally came into existence by a special act of the legislature, the Act of February 9, 1849 (1850), P. L. 929. On May 12, 1911, another domestic corporation, which we shall designate as "Corporation B", incorporated April 21, 1911, merged and consolidated with Corporation A, forming a new or consolidated corporation, "Corporation C", which, on August 27, 1925, changed its corporate title to what we shall call "Corporation D", which in turn, on July 28, 1941, was changed to "Corporation X".

Under the 1911 merger and consolidation agreement, Corporation C's capital stock was fixed at $1,400,000, consisting of 28,000 shares of the par value of $50 each. Later the capital stock was increased and converted by shareholders' action into (a) 15,000 shares 7% cumulative preferred stock at $100 par value, and (b) 150,000 shares common stock at $10 par value, of which all of the authorized preferred stock and 120,000 shares of the common stock have been issued and are presently outstanding.

Corporation X now contemplates, by amendment to its charter, effecting a decrease of its capital stock under the provisions of the Act of June 13, 1883, P. L. 122, by eliminating all of the now outstanding common stock of the company and substituting for the presently outstanding preferred stock 30,000 shares of common stock of the par value of $20. It is proposed to eliminate all of the outstanding common and preferred shares and issue the new common stock to the present holders of

the preferred stock, without the consent of the owners of the common stock.

You ask (1) if the Secretary of the Commonwealth has authority to require the submission of written evidence of consent of the shareholders to an amendment of its charter under the provisions of the Act of June 13, 1883, P. L. 122, the practical effect of which amendment will result in a decrease of the authorized capital stock of the corporation, and (2) whether the reduction of capital stock of this corporation should be effected under the provisions of the Act of June 8, 1893, P. L. 351, as amended by the Act of April 22, 1905, P. L. 264, 15 PS §281-5; the Act of June 13, 1883, P. L. 122, as amended by the Act of March 31, 1905, P. L. 93, 15 PS §401; or the Act of April 29, 1874, P. L. 73, sec. 23, as last amended by the Act of June 12, 1931, P. L. 561, 15 PS §595.

Since the enactment of the Corporation Act of April 29, 1874, P. L. 73, you state that it has been the practice of the Department of State to require articles of amendment to be accompanied with written evidence of the shareholders' approval of the resolution authorizing such amendment, and the department has held that both increases and decreases in the capital share structures of corporations were proceedings which did not fall within the provisions of the supplemental Act of 1883. We believe this practice and interpretation of the above acts have been correct.

The supplementary act to the Corporation Act of 1874, the Act of June 13, 1883, P. L. 122, as amended by the Act of March 31, 1905, P. L. 93, 15 PS §403, contains general authority for any corporation of the second class authorized by the Corporation Act of 1874, which has accepted the Constitution of this Commonwealth and the provisions of the act, "to improve, amend or alter the articles and conditions of the charter or instrument upon which said corporation is formed and established". The Act of 1883 then provides

for the method of effecting the proposed improvement, amendment, or alteration and in section 4 contains the following for construction of its provisions:

"Nothing in this act contained shall be construed to repeal or authorize the repeal of any of the requirements or restrictions of the said act of April twenty-ninth, one thousand eight hundred and seventy-four and its supplements, nor to dispense with any of the provisions of the said act, nor to authorize the right of eminent domain to be given to any corporation by amendment of its charter, nor to permit any change in the objects and purposes of such corporation as shown by its original charter."

A company of the type of Corporation X may, at its election, effect a reduction of its capital share structure by complying with either the provisions in section 23 of the Corporation Act of 1874, as amended, or following the course set out in the Act of June 8, 1893, P. L. 351, as amended.

Both acts provide, inter alia, for a return to the Secretary of the Commonwealth of a copy of the return of the election of the stockholders showing that the reduction of the capital stock was made at the will of the holders of the majority of the outstanding stock.

It is our opinion and you are therefore advised:

An amendment may not be made under the supplementary Act of June 13, 1883, P. L. 122, to decrease the capital stock of a corporation, such as Corporation X, but either the Act of June 8, 1893, P. L. 351, or the Corporation Act of April 29, 1874, P. L. 73, as amended, may be used to effect this purpose, both of which, among other requirements, direct that the Secretary of the Commonwealth be furnished with written evidence of the shareholders' consent to the reduction of the corporation's capital structure in the manner set out in the respective statutes.